UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALVARO MILLER-GONZALEZ,

Plaintiff,

v.

ERIE COUNTY SHERIFF'S OFFICE,

Defendant.

**DECISION AND ORDER**

13-CV-623S

1. Pro se Plaintiff, Alvaro Miller-Gonzales, commenced this action on June 14, 2013, alleging harassment, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12112 et seq. According to Plaintiff, he experienced trouble "keeping up" with his job assignment after undergoing a surgical procedure. On April 20, 2012, he requested assignment to a post where 90 percent of the work is performed sitting down. Plaintiff initially was reassigned for approximately 6-1/2 hours, but then was returned to his prior post on or about April 21, 2012, with no further accommodation.

2. Defendant has moved to dismiss the Complaint, contending that: (1) the Complaint was not served within the requisite 120 days; (2) the claims are time-barred; (3) Plaintiff fails to state a claim for relief under the ADA; and (4) the Sheriff's Department is not an entity that is subject to suit.

3. Plaintiff responded by filing a "motion" in which he sets out additional allegations

regarding his claims. In particular, Plaintiff alleges he was questioned and harassed by coworkers regarding accusations made against his brother, and that he was given an unwanted assignment beginning March 29, 2012, after he made a grievance or complaint relating to his compensation. The Court will treat this filing as an amended pleading under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, and test the adequacy of the Complaint, as amended, against Defendant's motion.[1]

4.  Defendant first contends that dismissal is warranted because Plaintiff did not serve the Summons and Complaint within the 120 days specified in Rule 4(m) of the Federal Rules of Civil Procedure. This Court declines to dismiss on this basis. Although Plaintiff's time limit for service had expired even before he applied for service by the U.S. Marshal, this Court effectively excused the defect when, on December 17, 2013, it granted the request and then advised Plaintiff to be aware of the upcoming deadline for service. (Docket No. 5 at 1.) Defendant was served soon thereafter, and the Court will not penalize the pro se Plaintiff for its own inadvertent oversight or misstatement.

5.  Next, Defendant urges that Plaintiff's ADA claim is time-barred. The only fact allegations relative to disability discrimination are that: (1) Plaintiff had a tumor removed from his liver; (2) on April 20, 2013 he requested reassignment to a different unit due to pain and difficulties with stress; and (3) Defendant accommodated him for just one day, after which it refused to do so, returning him to his prior assignment.

---

1 Defendant was afforded the opportunity to file reply papers, but did not do so.

6. In order to bring a lawsuit in New York federal court alleging unlawful employment practices under the ADA, a plaintiff must file a charge of discrimination with the EEOC[2] within 300 days of the last alleged unlawful employment action. Gonzalez v. Weil, Gotshal & Manages, LLP, No. 13-CV-4992, 2014 U.S. Dist. LEXIS 60827, at *5-6 (E.D.N.Y. Apr. 30, 2014) (citations omitted). "Where a plaintiff fails to file a timely charge with the EEOC, either directly or through an authorized state or local agency, the federal complaint is time-barred." Parks v. N.Y. City Dep't of Corr., 253 F. App'x 141, 143 (2d Cir. 2007) (citing Ford v. Bernard Fineson Dev. Ctr., 81 F.3d 304, 307 (2d Cir. 1996)). Here, Defendant is alleged to have denied Plaintiff's request for accommodation on April 20 or 21, 2013. Counting from the latest day alleged, April 21, 2013, Plaintiff's 300 days expired on Monday, February 17, 2014. He did not, however, complete an EEOC Intake Questionnaire until the following week, on February 25, 2014. Accordingly, Plaintiff is time-barred from bringing his ADA claim in federal court.

7. Because the time-bar requires dismissal with prejudice, the Court need not consider Defendant's remaining arguments which, if successful, would result in dismissal without prejudice. In light of Plaintiff's pro se status, the Court has considered whether his allegations raise any other cognizable claim for relief that would not be barred, but concludes that they do not. Accordingly, the Complaint must be dismissed with prejudice.

* * * * * * *

IT HEREBY IS ORDERED that Defendant's Motion to Dismiss (Docket No. 8) is GRANTED and the Complaint is dismissed with prejudice;

---

2 The United States Equal Employment Opportunity Commission.

FURTHER that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: May 7, 2014
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court